IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Ingram, #231456, | ) CIVIL ACTION NO. 9:13-2165-DNC-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Bruce Byant, Tammy Dover and James Jewell, MD., | ) |
| Defendants. | ) |

This action was originally filed in the South Carolina Court of Common Pleas. Plaintiff is an inmate with the South Carolina Department of Corrections, housed at the Evens Correctional Institution, and is proceeding in this action pro se.

The Defendants removed the case to this United States District Court on August 9, 2013, asserting in the notice of removal that this Court has federal question jurisdiction over this case pursuant 28 U.S.C. § 1331 because Plaintiff has alleged claims of violations of his constitutional rights. Plaintiff thereafter filed a timely objection to the removal of this case, stating that he is alleging "gross negligence" and not an Eighth Amendment claim. In a separate "explanation" page attached to amended paragraphs of the Complaint, Plaintiff states that he did not/has not intended to bring any federal claims under 42 U.S.C. § 1983, and urges this Court to "disregard" any such allegations in the Complaint so that the matter can be heard in state court. However, Plaintiff made this statement while continuing to discuss alleged constitutional violations in the amended language

attached to his "explanation", so on September 4, 2013, the undersigned entered an Order advising Plaintiff that if he is asserting federal claims in this lawsuit, then this case was properly removed to this Court, and that he was to advise the Court, in writing within ten (10) days, whether he is asserting any federal claims in this lawsuit, or whether he is withdrawing any such claims and proceeding only with such state law claims as may be set forth in the Complaint, as amended. Plaintiff was further instructed that if he notified the Court that he is withdrawing any federal claims to be found in the Complaint, an order of remand would be entered remanding this case to state court. In re Conklin, 946 F.2d 306, 324 (4th Cir. 1991). On September 19, 2013, Plaintiff filed a response in which he states that "his claims are not federal claims" and that he "is withdrawing any such claims and [is] preceding only with such state law claims set forth in the Complaint".

When considering whether a case should be remanded, Courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns implicated'", and to remand if federal jurisdiction is doubtful. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004); see also Mulcahey v. Columbia Organic Chems., Co., 29 F.3d 148, 151 (4th Cir. 1994)[removing party bears the burden of proving subject matter jurisdiction]. Here, the Defendants correctly note that federal jurisdiction exists when a federal question is presented on the face of a properly pleaded complaint; see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); and Plaintiff's complaint as originally pleaded made reference to federal claims sufficient to support removal of the case at that time. See Complaint, pp. 5-6, 8. However, Plaintiff now affirmatively states and confirms that he is only pursuing state law claims in this lawsuit.



2

Based on the forgoing, it is **recommended**[1] that Plaintiff's request to remand this case be **granted,** and that this case be **remanded** to the South Carolina Court of Common Pleas for disposition. See also Evans v. South Carolina Dep't. of Corrections, No. 09-640, 2009 WL 3245269 at * 2 (D.S.C. Oct. 5, 2009). Plaintiff is specifically advised that, following remand of his case, the only claims or causes of actions he will be deemed to be asserting are state claims. See also, Court Docket No. 29.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 25, 2013
Charleston, South Carolina

---

[1] While many Courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). Here, however, the undersigned is aware that the District Judge to whom this case is assigned has previously held that an order to remand is dispositive, thereby requiring a Report and Recommendation. See Moore v. City of Charleston, et al.; Civil Action No. 2:10-2148, at Docket No. 17. Therefore, a Report and Recommendation is being entered in this case.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

